UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| T. Terell Bryan, #254638, aka Terence Bryan, Terence Terell Bryan, ) ) ) | C/A No: 4:08-3556-TLW-TER |
| Plaintiff ) | REPORT AND RECOMMENDATION |
| v. ) | |
| D. Tatarsky, and Ofc. Buehler, ) ) | |
| Defendants. ) | |

This matter is before the court upon plaintiff's "motion for protection and Return." (Doc. #28). In this motion, plaintiff asserts that officers with the South Carolina Department of Corrections (SCDC) from September 8, 2008, until about November 4, 2008, conducted surprise searches of his cell "removing legal materials in this case and other cases." (Doc. #28). As a result, plaintiff requests "protection that SCDC can not just be allowed to take my legal materials and order SCDC to return the legal materials taken."

The complaint in this action asserts among other things allegations of an interference with his "access to court" and failure to provide legal materials. As plaintiff's motion addresses the merits of his case, this motion is premature.[1]

Additionally, the Fourth Circuit recently held that in light of the Supreme Court decision in Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, ---- - ----, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008), "the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in Winter governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all

---

[1] As this motion may be construed as a motion for injunctive relief, the undersigned is issuing a report and recommendation to the District Judge for review. It is also noted that plaintiff has subsequently filed a motion for a temporary restraining order. (Doc. #49).

federal courts." <u>Real Truth About Obama, Inc. v. Federal Election Com'n</u>, 2009 WL 2408735, at *4 (4th Cir. Aug.5, 2009).

Therefore, pursuant to <u>Winter</u>, plaintiff remains unable to demonstrate the appropriateness of the granting of a preliminary injunction. Under the <u>Winter</u> standard, plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." <u>Winter</u>, 129 S.Ct. at 374. All four requirements must be met. <u>Id</u>.

As plaintiff has failed to meet this standard, it is recommended that this motion for protection from the SCDC officers performing a surprise search of his cell, removing items he alleges to be legal materials, and requiring SCDC to return items allegedly taken as it interferes with his access to courts should be denied.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August <u>25</u>, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**