UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| T. Terell Bryan, #254638, aka Terence Bryan, Terence Terell Bryan, | ) ) ) | C/A No: 4:08-3556-TLW-TER |
| Plaintiff | ) ) | REPORT AND RECOMMENDATION |
| v. | ) ) ) | |
| D. Tatarsky, and Ofc. Buehler, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court upon plaintiff's motion for Temporary Restraining Order ("TRO"). (Doc. #49 and Doc. #62, additional memorandum in support).[1] In this motion, plaintiff asserts that he is being denied "up-to-date case laws and/or legal materials under the excuse of the budget cut" which violates his right to access courts." (Doc. #49). As a result, plaintiff requests a TRO to stop "them from taking budget cuts interfering with i/m access to courts." Id.

The Fourth Circuit recently held that in light of the Supreme Court decision in Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, ---- - ----, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008), "the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in Winter governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts." Real

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Truth About Obama, Inc. v. Federal Election Com'n, 2009 WL 2408735, at *4 (4th Cir. Aug.5, 2009).

Under the Winter standard, plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 129 S.Ct. at 374. All four requirements must be met. Id.

Plaintiff fails to show actual injury or harm and that, assuming injury or harm, that it is irreparable. Plaintiff also fails to show an injunction is in the public interest.

As plaintiff has failed to meet the Winter factors, it is recommended that this motion for TRO to have the defendants provide "up-to-date" legal materials and stop them from "taking budge cuts interfering with i/m access to courts" should be denied.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 28, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**