IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| T. Terell Bryan, | ) | C/A No. 1:08-3556-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| IGC Cocciolone, Ofc. Buehler, Mr. | ) | |
| Najjar, Asst. Warden Claytor, Warden | ) | |
| McCall, D. Tatarsky, M. Carolina | ) | |
| Lindsey, James Simmons, III, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff T. Terrell Bryan filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. At the time of the events alleged in the complaint, Plaintiff was an inmate housed in the Special Management Unit ("SMU") of Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Currently before the court are the following motions: (1) Defendant's Motion for Summary Judgment [Entry #148]; (2) Plaintiff's Motion to Amend the Complaint [Entry #155]; (3) Plaintiff's Motion for Summary Judgment [Entry #156]; (4) Plaintiff's Motions to Strike Defendants' Answer [Entry #160, #193]; (5) Plaintiff's Motion for a Preliminary Injunction [Entry #181]; (6) Plaintiff's Motion for Default Judgment [Entry #194]; and (7) Plaintiff's Motion for Injunctive Relief and to Compel [Entry #218]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because many of the motions are dispositive motions, this report and recommendation is submitted for the district judge's consideration.

I.      Factual and Procedural Background

Plaintiff's complaint alleges that defendants Buehler and Najjar, PCI employees formerly and currently charged with delivering law books to the Special Management Unit ("SMU"), fail to timely provide legal materials to Plaintiff and have no knowledge of the law to assist in preparing court documents. Am. Compl. at 1–2 [Entry #114]. Plaintiff further complains that Buehler and Najjar limit the amount of legal materials he can receive. *Id.* at 6. Plaintiff alleges that the law library at PCI is not updated, and he is unable to properly research his cases.  *Id.* at 3. Plaintiff claims that defendant Lindsey told him the library staff may request any unavailable cases from the office of the General Counsel, but Plaintiff complains that Najjar and Buehler have failed to do so.  Plaintiff also blames defendant Tatarsky, general counsel for the SCDC, for failing to take action with regard to Najjar and Buehler.  Plaintiff alleges defendant Cocciolone loses or does not respond to his grievances and will not let him see the results of her investigation. Am. Compl. at 6. According to Plaintiff, defendants Cocciolone and Simmons "act as a cover up for violations of SCDC's staff members." *Id*.

Defendants filed a motion for summary judgment on March 17, 2010.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion [Entry #149].  Plaintiff filed a response to Defendants' motion on April 7, 2010, which this court has reviewed [Entry #157].  Having carefully considered the parties' submissions and the record in this case, the court

recommends Defendants' motion for summary judgment be granted and Plaintiff's motion to amend be denied as futile, which will render moot the remaining motions.

II.    Discussion

A.    Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(a).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."

*Id.* The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine dispute as to any material fact."

B.     Analysis

1.     Defendant Lindsey

Defendant argue that service of process has not been effected on defendant Lindsey, and this court lacks personal jurisdiction over her.  A review of the docket reveals Plaintiff has completed two separate summonses for Lindsey [Entry #146, #216] but both have been returned unexecuted because Plaintiff provided inadequate or incorrect information with regard to Lindsey's address [Entry #197, #225].   In its orders authorizing service of process, the court has warned Plaintiff of the consequences of failing to provide information adequate to identify a party as follows:

> Plaintiff must provide, and is responsible for, information sufficient to identify Defendant on the Form(s) USM-285. The United States Marshal cannot serve an inadequately identified defendant, and un-served defendants may be dismissed as parties to this case.

*See* [Entry #146, #214]. As Plaintiff has failed to properly serve Lindsey, the court lacks personal jurisdiction over Lindsey and the undersigned recommends she be dismissed from this action.

2.    Denial of Access to the Courts

In order to state a claim of denial of access to the courts, a plaintiff must allege that he had been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53 (1996). The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Id.* at 343. In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989).

A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353–54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

Here, Plaintiff has alleges Defendants have denied him access to the courts because they: (1) limit the amount of legal materials he may receive at one time; (2) do not provide

legal materials to Plaintiff in the SMU every day during the week; and (3) fail to provide the most recent law books.    To compensate for Plaintiff's restricted custody status in the SMU, Plaintiff may request legal material from the library which is then provided to him in his cell twice a week, as is demonstrated by Plaintiff's own exhibits. Plaintiff has no constitutional right of access to a law library *per se*; nor is the SCDC required to provide Plaintiff with a lawyer, paralegal, or other individual to help him research and prepare his legal documents. Rather, the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis* 518 U.S. 343 at 351; *Giarratano v. Johnson*, 521 F.3d 298, 305–306 (4th Cir. 2008)

Plaintiff also makes general and conclusory allegations with regard to his claims of denial of access to the courts due to out-of-date law books.  Plaintiff's only claim of an actual injury is his claim is as follows:

> In Plaintiff's PCR case, he was arguing to prove that the clerk of court forged the foreman of the grand jury's signature. The proper way to prove this would [have] been to file a Request to Produce on his PCR.  Plaintiff just discovered this from a 2005 case called Evans v. State, 611 S.E.2d 510.  If in fact this case was in the law library[,] Plaintiff would [have] known how to prove this claim and would [have] been home by now.

Am. Compl. at 5 [Entry #114]. However, Plaintiff's allegation is insufficient to show he was actually injured by a lack of case law in non-frivolous litigation, as he provides no other details of his case. *See, e.g., Corbett v. Ozmint*, No. 9:09-2494-HMH-BM, 2010 WL 4116614 (D.S.C. Sept. 22, 2010) (dismissal of case where Plaintiff failed to identify specific details of how an unavailable case law would have changed the outcome of his appeal);  *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (dismissal of access to

court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury); *Bretado v. Woodford*, No. 07-4612, 2008 WL 5099640 at * 2 (C.D.Cal. Dec.2, 2008) (petitioner failed to show that an inadequate law library prevented him from timely filing a petition where he only made general allegations about the materials having not been updated, but failed to "identify any specific, 'essential' materials that were inadequate, and [did] not explain why those inadequate materials (whether online or in hard copy) prevented him from filing a timely petition."). Additionally, Plaintiff does not allege that he requested the *Evans* case with relation to his post-conviction relief ("PCR") claim and was denied a copy. Further, the court cannot conclude that Plaintiff's PCR application would have been successful if he had access to the *Evans* case. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts need not assume the truth of legal conclusions couched as factual allegations). Therefore, Plaintiff has not shown an actual injury and it is recommended his claim of denial of access to the courts be dismissed.

3.    Grievance Process

Plaintiff also complains that the grievance process is "seriously flawed." He alleges that he is not challenging the grievance system, but is challenging "the distorted methods and procedures employed by the grievance staff." However, the law is clear that inmates have no constitutionally-protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); *see also Murphy v. Inmate Sys. Mgmt., Inc.*, No. 1:03-0170, 2008 WL 793631, at *5 n. 2 (S.D.W.Va. March 20, 2008) (holding that inmates have no

constitutional right to participate in a prison's administrative grievance proceedings."); *Cyrus v. U.S. Marshals of Columbia*, No. 8:05-1384-HFF-BHH, 2007 WL 601610, at *5 (D.S.C. Feb. 21, 2007) ("Even if the prison provides for a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action."). Therefore, it is recommended that Plaintiff's claims with regard to PCI's grievance system be dismissed.

### 4. Plaintiff's Remaining Causes of Action

Plaintiff has also brought causes of action for deliberate indifference, negligent supervision, fraud, violation of due process, cruel and unusual punishment, retaliation, and conspiracy. All of these causes of action, however framed, relate to Plaintiff's claims for denial of access to the courts and ineffective grievance process. Therefore, the undersigned submits that Plaintiff has not alleged facts sufficient to overcome summary judgment on these issues.

### 5. Qualified Immunity

Defendants also assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations. Nevertheless, *assuming arguendo* that Plaintiff has presented sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity from suit.

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992), the Fourth Circuit further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298.

In the instant case, Plaintiff has failed to establish any theory of liability upon the part of Defendants, and, furthermore, Plaintiff has failed to establish the existence of any constitutional deprivation. However, if the court were to find that Plaintiff has established some theory of liability upon the part of Defendants, and therefore, the existence of a constitutional deprivation, Defendants are still entitled to qualified immunity. The record before the court shows that as to Plaintiff and the specific events at issue, these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. They did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the discretionary exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, these Defendants are entitled to qualified immunity.

C.      Plaintiff's Motion to Amend the Complaint

Plaintiff filed a motion to amend his complaint on April 7, 2010 to add additional defendants. [Entry #155]. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001). However, based upon the above recommendations, Plaintiff's amendments would be futile. *See Sciolino v. Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007) (holding denial of leave to amend complaint appropriate where proposed claim

is futile). Accordingly, the undersigned recommends that Plaintiff's motion to amend his complaint be denied.

III.     Conclusion

Based on the foregoing reasons, the undersigned recommends Defendants' Motion for Summary Judgment [Entry #148] be granted.  If the district judge accepts this recommendation, the remaining motions will be rendered moot.[1]

IT IS SO RECOMMENDED.

January 14, 2011                                    Shiva V. Hodges
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1]  The undersigned has reviewed all of the remaining motions and they do not contain any information sufficient to overcome summary judgment or otherwise change the recommendation of the undersigned.