IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| T. Terell Bryan, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 1:08-3556-TLW-SVH |
| | ) | |
| vs. | ) | |
| IGC Cocciolone, Ofc. Buehler, Mr. | ) | ORDER |
| Najjar, Asst. Warden Claytor, Warden | ) | |
| McCall, D. Tatarsky, M. Carolina | ) | |
| Lindsey, James Simmons, III, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

By Order filed February 3, 2011, the undersigned accepted the Report and Recommendation of the Magistrate Judge; overruled Plaintiff's objections to the same, and granted Defendants' motion for summary judgment. In light of this ruling, the Court deemed any remaining motions to be Moot. This matter is now before the Court on Plaintiff's Rule 59(e) motion to alter or amend the judgment. (Doc. # 239). The Defendants oppose this motion. (Doc. # 240).

The Report and Recommendation in this case was filed on January 14, 2011. Thereafter, on February 1, 2011, Plaintiff filed a document which was captioned as his objections to the Report and Recommendation.[1] On page 18 of this filing, Plaintiff in a single paragraph summarily indicates that he wishes to amend his complaint. On February 2, 2011, Defendants filed their "response to Plaintiff's objections to Report and Recommendation: and a "response to Plaintiff's fourth motion to amend." In his Rule 59(e) motion the Plaintiff asserts that he had until February 14, 2011 to file

---

[1] The Clerk's office docketed this filing as both objections to the Report and as a motion to amend.

1

a reply to Defendants' response to his objections to the Report and Defendants' opposition to his motion to amend. He objects to the Court's Order accepting the Report and Recommendation, which was entered on February 3, 2011, before he filed his reply.[2]

> Rule 59(e) of the Federal Rules of Civil Procedure provides that:
> Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

---

[2]The Court notes that Replies are generally discouraged. See Local Civil Rule 7.07, D. S.C.

2

It appears in his motion, Plaintiff asks for a ruling on his "motion to amend," which was included in his objections. As an initial matter, the Court notes that it fully considered Plaintiff's objections to the Report and Recommendation and in light of said objections, conducted a de novo review of the Report and the objections thereto. Out of an abundance of caution, the Court will now consider the "Reply" filing by Plaintiff, which was docketed on February 14, 2011, and issue a ruling on Plaintiff's motion to amend, as he requests. After consideration of Plaintiff's motion to amend, contained within his objections, the Defendants' opposition to the same, and Plaintiff's reply, this Court finds the motion be without sufficient merit. Accordingly, the motion is hereby **DENIED**. (Doc. # 232). To the extent that Plaintiff wished to have his Reply filing considered as supplemental objections to the Report, the Court has considered them as such. However, the Court reaches the same conclusion as it did in its initial review of the case, and its Order granting summary judgment stands as issued.

Based upon the undersigned's review of the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's February 3, 2011 Order in this case. In particular, the Plaintiff fails to: show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice. Therefore, Plaintiff's Rule 59(e) motion to alter or amend judgment is **DENIED**. (Doc. # 239).

**IT IS SO ORDERED.**

                                        s/ Terry L. Wooten
                                        **TERRY L. WOOTEN**
                                        **UNITED STATES DISTRICT COURT JUDGE**

March 31, 2011
Florence, South Carolina